**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **FREDRICK LAMAR SHAVERS,** | ) | |
| **ID #01662575,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:14-CV-4498-B (BH)** |
| | ) | |
| **WILLIAM STEPHENS, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be denied.

**I.  BACKGROUND**

Fredrick Lamar Shavers (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondent is William Stephens, Director of TDCJ-CID.

Petitioner challenges his July 30, 2010 convictions on three counts of sexual assault of a child younger than seventeen years of age and 15-year sentence in cause numbers F-0730507, F-0730512, and F-0730518 in the Criminal District Court Number 2 of Dallas County, Texas. (Petition (doc. 3) at 2); *see also* www.dallascounty.org/public.access.php (Dallas County criminal records). Petitioner did not appeal his convictions. (doc. 3 at 3.)  On January 27,  2014, Petitioner filed state applications for writ of habeas corpus with the trial court for two of the convictions (Cause No. W-0730507-A and W-0730512-A), and he filed a state application for writ of habeas

corpus as to the third conviction (W-730518-A) the next day. *See* www.dallascounty.org/public.access.php (Dallas County criminal records). After the cases were all forwarded to the Texas Court of Criminal Appeals, that court denied the applications without a written order based on the findings of the trial court without an evidentiary hearing on September 17, 2014. *See Ex parte Shaver*, WR-81,093-01, WR-81,093-02, WR-81,093-03 (Tex. Crim. App. Sep. 17, 2014). Petitioner mailed his federal petition on December 17, 2014. (doc. 3 at 11).

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

A.      **Calculation of One-Year Period**

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Because Petitioner challenges his plea and the effectiveness of counsel relating to his plea, the federal statute of limitations began running when the trial court's judgment adjudicating guilt became final by the conclusion of direct review or the expiration of the time for seeking such review under § 2244(d) (1)(A).  Petitioner did not directly appeal the judgments, so his right to seek direct review in state appellate court expired thirty days after they were entered. Tex. R. App. P. 26.2(a)(1).  The thirtieth day fell on Sunday, August 30, 2010, so the one year in this case under § 2244(d)(1)(A) began running on August 31, 2010, and expired on August 31, 2011.  *See Flanagan v. Johnson*, 154 F.3d. 196, 201-02 (5th Cir. 1998) (applying the directive in Federal Rule of Civil Procedure 6(a) regarding not counting the day of an act or event in computing a time period to the computation of the AEDPA one-year limitation period).  Petitioner filed his § 2254 petition on December 17, 2014,[1] more than three years after his convictions became final in 2011.  A literal application of § 2244(d)(1)(A) therefore renders his § 2254 petition untimely.

Petitioner argues that his limitations period should be calculated under §§ 2244(d)(1)(B) and 2244(d)(1)(C) based upon *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013).  He claims these decisions imply that the State created an impediment to him timely filing.  The Fifth Circuit has specifically rejected this claim, stating that since " the Supreme Court has not recognized a right to postconviction counsel under the United States Constitution, *see Martinez v. Ryan,* 132 S.Ct. 1309, 1315 (2012), a 'state's effort to assist prisoners in postconviction proceedings does not make the State accountable for a prisoner's delay.'"  *Manning v. Epps*, 688 F.3d 177, 189 (5th Cir. 2012), *cert. den'd*, 133 S.Ct. 1633 (2013).  Petitioner's argument that he is

---

[1]The § 2254 petition was received and file-stamped on December 23, 2014.  Petitioner swore that he placed the document in the prison mail system on December 17, 2014, so it is deemed filed on that date under the "mailbox rule".  *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (pro se prisoner's habeas corpus petition is constructively filed for purposes of AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court).

entitled to a different limitations-start date under § 2244(d)(1)(B) is without merit.

Petitioner next argues that *Martinez* and *Trevino* recognize a new constitutional right that has been made retroactive to cases on collateral review under under § 2244(d)(1)(C) . (doc. 3, at 10.) These cases recognized that "ineffective assistance of counsel at the initial-review collateral attack stage may constitute "cause' to excuse a *habeas* petitioner's procedural default." *Starr v. Rogers,* No.14-2230, 2014 WL 5093997, at *4 (W.D. La. Oct. 10, 2014) (emphasis in original).   Neither presents a new rule of constitutional law under§ 2244(d)(1)(C).   *See Terron v. Stephens,* No.3:13-CV-2292-P, 2014 WL 3855047, at *3 (N.D. Tex. Aug. 5, 2014) (citing *Adams v. Thaler*, 679 F.3d 312, 323 n. 6 (5th Cir. 2012) (finding that Martinez did not establish a new rule of constitutional law for successive habeas analysis)); *see also Adams v. Stephens*, No.3:14-CV-1276-D, 2014 WL 3778161, at *3 (N.D. Tex. July 31, 2014) (citing *Adams,* 679 F.3d at 323 n.6 and *Arthur v. Thomas,* 739 F.3d 611, 629 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitation period in § 2254 cases or any potential tolling of that period")).

**B.**    **Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*."  28 U.S.C. § 2244(d)(2) (emphasis added).  Petitioner did not file his state writ applications until January 2014, several years after his state convictions became final in 2011.  While the one-year limitations period is tolled while a petitioner's state habeas application is pending before the Texas state courts, the federal one-year limitations period in this case expired before Petitioner filed his state writs.  The statutory tolling provision does not save his federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).   A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstances prevented a timely filing. *See Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglelmo*, 544 U.S. 408, 418 (2005)).   He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).   Courts must examine each case in order to determine whether there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman,* 184 F.3d at 402.

Here, Petitioner presents no argument or no evidence that he was prevented from filing his state writ or his federal petition earlier. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is

barred by the statute of limitations.

## III.  RECOMMENDATION

The petition for writ of habeas corpus should be **DENIED** with prejudice as barred by the statute of limitations.

**SO ORDERED this 23rd day of April, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE